IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01705-WYD-KLM

JUANITA LOPEZ, personally and as personal representative of the Estate of Christopher Lopez, and
CONSUELO ROMERO, next friend and mother of A.R., C.R. and J.R.,

 Plaintiffs,

v.

DEPUTY DIRECTOR KELLIE WASKO, in her individual and official capacities,
WARDEN DAVID M. ZUPAN, in his individual and official capacities,
ASSOCIATE WARDEN RANDY LIND, in his individual and official capacities,
CAPTAIN JAMES W. YATES, in his individual and official capacities,
CAPTAIN VICKY JARAMILLO, in her individual and official capacities,
LIEUTENANT GLENN K. HASUI, in his individual and official capacities,
CORRECTIONAL OFFICER KRISTJAN ARING, in his individual and official capacities,
CORRECTIONAL OFFICER MATTHEW CARLINO, in his individual and official capacities,
CORRECTIONAL OFICER THEORDORE DOXTATER, in his individual and official capacities,
CORRECTIONAL OFFICER JAIME GUTIERREZ-GONZALEZ, in his individual and official capacities,
CORRECTIONAL OFFICER TAYLOR MUNSELL, in his individual and official capacities,
CORRECTIONAL OFFICER STEVE URBAN, in his individual and official capacities,
CORRECTIONAL OFFICER TIM J. WILKINS, in his individual and official capacities,
CORRECTIONAL OFFICER SHANE WOLTZ, in his individual and official capacities,
CORRECTIONAL OFFICER GEORGE ROMAN, in his individual and official capacities,
COUNSELOR CHERYL NEUMEISTER, in her individual and official capacities,
LOA D. ROSE, R.N., in her individual and official capacities,
ERICA SISNROY, R.N., in her individual and official capacities,
PEGGY L. VILLERS, R.N., in her individual and official capacities,

 Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

 This matter is before the Court on the parties' **Joint Motion to Stay Case to**

**Facilitate Settlement Negotiations** [#52][1] (the "Motion").

In the Motion, the parties seek a stay of all matters in the case, including discovery, to allow the parties to "focus on settlement negotiations." *Id.* at 3. The parties argue that "[a] stay is appropriate here to conserve both the parties' and Court's time and resources." *Id.* On September 23, 2014, the Court granted the parties' Joint Motion for Settlement Conference [#50]. *See Minute Order* [#51] at 2. That same day the Court scheduled a two-day Settlement Conference in this case on October 15-16, 2014. *See Minute Order* [#54] at 2.

The Court notes that there is a Scheduling Conference scheduled on October 22, 2014 at 10:30 a.m. and two pending motions to dismiss [##30, 38] that are not yet fully briefed.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of

---

[1] "[#52]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

2

discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Although a stay of proceedings in a case is generally disfavored in this District, a stay may be granted in appropriate circumstances. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis*, 2012 WL 6153513, at *1 (granting stay of proceedings).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, a stay would apparently not prejudice the parties, as they jointly request a stay. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With regard to the third factor, it is certainly more convenient and efficient for the Court to enter a stay while the parties engage in settlement discussions. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized

3

interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.  With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court and litigants serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.  Therefore,

IT IS HEREBY **ORDERED** that the Motion [#52] is **GRANTED**.

IT IS FURTHER **ORDERED** that the case is **STAYED**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for October 22, 2014 at 10:30 a.m. is **VACATED**.

IT IS FURTHER **ORDERED** that the briefing schedule for the two pending motions to dismiss [##30, 38] is **SUSPENDED**.

IT IS FURTHER **ORDERED** that if the parties do not resolve their claims on or before **December 31, 2014**, they shall either (1) file a joint status report informing the Court of the status of their settlement negotiations, or (2) jointly call the Court to reschedule the Scheduling Conference and to set a briefing schedule for the pending motions to dismiss [##30, 38].

Dated:  September 24, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge